

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# Dixon v. Golden Masano

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3977

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Dixon v. Golden Masano" (2007). *2007 Decisions.* Paper 1417.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1417

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3977
_____

KEITH DIXON, Appellant

v.

GOLDEN-MASANO-BRADLEY, Law Firm; JAMES E. GAVIN, Esquire; RICHARD
L. GUIDA, Esquire; THOMAS M. GOLDEN, Esquire; JOHN C. BRADLEY JR.,
Esquire; HEIDI B. MASANO, Esquire; KAREN H. COOK, Esquire; E. MICHAEL
ZUBEY, JR., Esquire; MICHAEL J. GOMBAR, Esquire; SOVEREIGN BANK; JAY S.
SIDHU, President; JOHN GIANGROSSI, Assoc. VP Sovereign Bank; JOHN DOE;
JANE DOE, one up

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-00392)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
MARCH 23, 2007
Before: FISHER, ALDISERT AND WEIS, Circuit Judges

(Filed:  March 28, 2007)
_____

**OPINION**
_____

PER CURIAM

       This is an appeal from the District Court's dismissal of Keith Dixon's

amended complaint against the Defendants.  We will affirm.

I.

Dixon's claims arise from collection proceedings on an amount owed on a May 8, 2001 promissory note taken out by Dixon. In Dixon's amended complaint, Dixon alleged that the Defendants' actions in seeking to recover the amount due violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), 73 P.S. § 2270.1 and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL"), 73 P.S. § 201-1. Additionally, Dixon alleged that the Defendants violated 39 U.S.C. § 3001 and § 3005.

The District Court dismissed the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). With respect to Dixon's FDCPA, PFCEUA and PUTPCPL claims, the District Court primarily determined that Dixon failed to state a claim because the promissory note stated that the proceeds of the note "WILL NOT be used for personal, family or household purposes." The District Court denied Dixon's motion for reconsideration. Dixon timely filed a notice of appeal.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)(citation omitted). We accept as true all allegations of the complaint and all reasonable inferences that can be drawn therefrom. See id. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar.

Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)(citations omitted). Additionally, a court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id. It is reversible error for a district court to convert a motion to dismiss pursuant to Rule 12(b)(6) "into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing." Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). However, the failure to give notice does not require automatic reversal where the failure to convert was harmless. See id. (citation omitted).

III.

The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000)(citing Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987). "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Id. (internal quotation marks and citations omitted); see also 73 P.S. § 2270.2 (stating that the PFCEUA establishes "what shall be considered unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts"). "Debt" is defined under the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are

3

the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."[1]  15 U.S.C. § 1692a(5).

The Defendants attached a copy of the promissory note to their motion to dismiss.  The District Court principally relied on language contained in this promissory note in dismissing Dixon's claims.  As noted by the District Court, the promissory note specifically stated that the proceeds of the note "WILL NOT be used for personal, family or household purposes."  Therefore, because Dixon agreed to the purpose of the promissory note (or at least agreed to what the purpose of the promissory note would not be), Dixon cannot convert the amount owed on the promissory note to fall within the meaning of "debt" simply because he chose not to comply with the agreed upon terms.  Thus, the District Court properly dismissed Dixon's FDCPA, PFCEUA and PUTPCPL claims.  Furthermore, for the reasons essentially discussed by the District Court, Dixon's claims pursuant to 39 U.S.C. § 3001 and § 3005 were properly dismissed.

Finally, we note that Dixon argued that the promissory note attached to the Defendants' motion to dismiss was not authentic.  Assuming that the District Court

---

[1] The PFCUA similarly defines debt as "[a]n actual or alleged past due obligation, claim, demand, note or other similar liability of a consumer to pay money, arising out of a single account as a result of a purchase, lease or loan of goods, services or real or personal property for personal, family or household purposes or as a result of a loan of money or extension of credit which is obtained primarily for personal, family or household purposes."  73 P.S. § 2270.3.  Additionally, the PUTPCPL provides a private cause of action where the debt arose from a transaction when the person "purchases or leases goods or services primarily for personal, family or household purposes."  73 P.S. § 201-9.2(a).

4

should have converted Defendants' motion to dismiss into a motion for summary judgment based on this allegation, we find that such an error was harmless. See Rose, 871 F.2d at 342. First, we note that Dixon came forward with nothing to suggest that the promissory note is unauthentic besides his bare allegation. Second, while Dixon argued that he had over 500 pages of discovery if the motion to dismiss was converted to a motion for summary judgment, these documents purportedly related to the underlying collection practices of the Defendants, not the authenticity of the promissory note whose language formed the basis of the District Court's decision.

## IV.

In conclusion, we will affirm the judgment of the District Court dismissing Dixon's amended complaint. To the extent that the District Court might have erred in failing to convert Defendants' motion to dismiss into a motion for summary judgment, such an error was harmless. The motion for oral argument is denied.